UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON MADISON,

    Plaintiff,

v.

                                  Case No. 09-13278

                                  Hon. John Corbett O'Meara

EXTRUDEHONE CORP.,

    Defendant.
_____/

**ORDER GRANTING APPLICATION TO PROCEED**
**<u>*IN FORMA PAUPERIS* AND DISMISSING COMPLAINT</u>**

Plaintiff, Sharon Madison, filed a *pro se* complaint on August 20, 2009, along with an application to proceed *in forma pauperis* and an application to appoint counsel. The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees. <u>See</u> 28 U.S.C. § 1915(a); <u>Gibson v. R.G. Smith Co.</u>, 915 F.2d 260, 262 (6th Cir. 1990). The court will deny Plaintiff's application to appoint counsel, because she has not demonstrated that she has made efforts to obtain counsel on her own or that "exceptional circumstances" exist that warrant the appoint of counsel in this case. <u>See</u> <u>Lavado v. Keohene</u>, 992 F.2d 601, 605 (6th Cir. 1993) ("Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances.").

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28

U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under § 1915 if it lacks an arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Wilson v. Yaklich, 148 F.3d 596, 600 (6th Cir. 1998) (stating that complaints can be dismissed a frivolous "only when the claim is 'based on an indisputably meritless legal theory,' or where a complaint's 'factual contentions are clearly baseless'").

Although a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling her to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (internal and end citations and footnote omitted).

Plaintiff's complaint is virtually devoid of factual allegations.  Plaintiff has checked boxes indicating that she was "terminated" from her employment and that Defendant discriminated against her based upon her "color."  Otherwise, Plaintiff's entire complaint is that her "personal life was violated, every time I would visited my doctor, my personal life was spreaded around the work place." Complaint at 2.  Even viewing the complaint liberally, in light of Plaintiff's *pro se* status, these factual allegations do not state a claim upon which relief may be granted.

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's application to appoint counsel is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED.

                        s/John Corbett O'Meara
                        United States District Judge

Date:  September 3, 2009

     I hereby certify that a copy of the foregoing document was mailed to Sharon Madison 13720 Buffalo, Detroit, MI 48212 on this date, September 3, 2009.

                        s/William Barkholz
                        Case Manager